UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALAN J. CHRISTIAN, | ) | CASE NO. 4:05 CV 1907 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF SEBRING, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 3, 2005, plaintiff pro se Alan J. Christian filed this in forma pauperis action under 42 U.S.C. 1983 against the City of Sebring, Ohio, Sebring Police Officer Dan Guy, Sebring Police Officer Michael Porter, Sebring Police Sergeant Michael Yoder, Sebring Police Dispatcher Patricia Gardner, Sebring Police Chief Ray Heverly, and Mahoning County Area Court Deputy Clerk Jennifer Barnett.  In the complaint, plaintiff alleges that he was arrested without probable cause and convicted of felonious assault with a firearm specification in violation of the Fourth, Fifth, Eighth, Eleventh, and Fourteenth Amendments.

### Background

At approximately 3:00 a.m. on January 18, 2002, Sebring police were summoned to the

home Mr. Christian shared with his fiancé Debra Hudson, to investigate a possible incident of domestic violence. Mr. Christian was not present when Officers Guy and Porter arrived. He contends Ms. Hudson told the officers she and Mr. Christian argued and that he had left in her truck. He claims she called the police to gain their assistance in retrieving a truck, but changed her mind and hung up the telephone while talking to the dispatcher. Mr. Christian states that the officers did not see visible evidence that she was injured. He asserts that her statement nullified the probable cause the police may have had to arrest him for domestic violence. Nevertheless, Ms. Hudson signed a statement entitled "Complainant's Statement of Domestic Violence" which indicates Alan Christian knowingly caused harm or attempted to cause harm to her. (Compl. Ex. A.) Mr. Christian contends Ms. Hudson signed the form so the officer could retrieve her truck. Ms. Hudson told the officer she believed Mr. Christian may have gone to a friend's house nearby. The officers proceeded to the address and discovered Ms. Hudson's truck in the driveway.

Mr. Christian states the officers approached the residence and knocked on the door. He indicates that when the "inside door was opened by the neighbor, Porter opened the outside door and proceeded to just walk right into the living room without asking for consent to enter nor advising that consent could be denied... ." (Compl. at 2.) He claims he was sitting in a recliner and the officers ordered him to stand up. He admits he was told he was under arrest for domestic violence. Mr. Christian ordered the officers to leave the house and an altercation ensued. At some point during the arrest, a .45 caliber gun was confiscated. The officers claimed Mr. Christian was trying to point the gun at them, while Mr. Christian contends it was discovered and removed from the home during a search subsequent to his arrest. Mr. Christian's conviction for felonious assault with a gun specification stems from this incident.

Mr. Christian asserts that his Constitutional rights were violated during his arrest and

2

subsequent trial.  He contends that the officers on the scene created a false Domestic Violence Complaint and fraudulently induced Ms. Hudson to sign it.  He claims the officers created police reports with false information concerning his arrest.  He states he has been subjected to "malicious and vindictive prosecution without probable cause."  (Compl. at 7.)  Mr. Christian seeks $2,500,000.00 in compensatory damages, unspecified punitive damages, and injunctive relief.  *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

## *Res Judicata*

As an initial matter, this is the second time Mr. Christian has attempted to bring this matter before the court.  On February 10, 2004, he filed Case No. 4:04 CV 217 asserting substantially similar claims against the defendants named in this action and seventeen others.  That case was assigned to United States District Judge Ann Aldrich, who found that Mr. Christian could not collaterally attack his conviction in a civil rights action.  The action was dismissed on its merits on March 18, 2004.  Mr. Christian appealed

---

[1]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

that decision to the United States Sixth Circuit Court of Appeals. The District Court's decision was affirmed on March 25, 2005 for the reasons stated in Judge Aldrich's Opinion. Mr. Christian filed the within action on August 4, 2005 raising essentially the same claims with regard to the same incident.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Christian is therefore precluded from litigating this matter for a second time.

## *Heck v. Humphrey*

Moreover, Mr. Christian's claims are subject to dismissal for the same reasons cited by Judge Aldrich in her dismissal of his first action. The allegations in the complaint clearly attack Mr. Christian's conviction. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr.

4

Christian's conviction has not been declared invalid by either an Ohio state court or a federal habeas corpus decision.  His claims must therefore be dismissed.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


S/Peter C. Economus - 9/29/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5